**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PENOVIA LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:14-CV-161-JRG |
| v. | § | |
| ACER AMERICA CORPORATION, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**DEFENDANT ACER AMERICA CORPORATION'S
ANSWER AND DEFENSES TO PLAINTIFF PENOVIA LLC'S COMPLAINT**

Defendant Acer America Corporation ("Defendant" or "Acer") answers Plaintiff Penovia LLC's ("Plaintiff" or "Penovia") Complaint ("Complaint") dated March 3, 2014 as follows:

**THE PARTIES**

1. Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2. Acer admits that it is a California corporation with a place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.

**JURISDICTION AND VENUE**

3. Acer admits that this action arises under the Patent Act, 35 U.S.C. § 1 *et seq.* Unless expressly admitted, Acer denies the allegations set forth in Paragraph 3.

4. Acer admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338. Unless expressly admitted, Acer denies the allegations set forth in Paragraph 4.

5. Denied.

6. Denied.

## THE PATENT-IN-SUIT

7. Acer admits that a copy of a document purporting to be U.S. Patent No. 5,822,221 (the "patent-in-suit" or the "'221 Patent"), entitled "Office Machine Monitoring Device," is attached as Exhibit A to Plaintiff's Complaint.  Acer further admits that Exhibit A is titled "U.S. Patent No. 5,822,221" and that Exhibit A states on its face that it issued on October 13, 1998.  Unless expressly admitted, Acer denies the allegations set forth in Paragraph 7.

8. Acer is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis denies them.

## COUNT I

9. Acer incorporates by reference its responses to Paragraphs 1 through 8 as if fully set forth herein.

10. Denied.

11. Denied.

## JURY DEMAND

Plaintiff's Jury Demand does not require an admission or denial.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Acer respectfully requests that the Court deny Plaintiff's prayer for relief.

## DEFENSES

Further answering the Complaint, Acer asserts the following defenses. Acer reserves the right to amend its answer with additional defenses as further information is obtained.

### FIRST DEFENSE:
### FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE:
### NON- INFRINGEMENT

Acer has not infringed and does not infringe, has not contributed and does not contribute to the infringement of, and has not induced and does not induce others to infringe any valid and enforceable claim of the patent-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents.

### THIRD DEFENSE:
### INVALIDITY

The patent-in-suit is invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH DEFENSE:
### LIMITATION ON DAMAGES

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284. Plaintiff's recovery for alleged infringement of the patent-in-suit if any, is limited to any alleged infringement committed no more than six years prior to the filing of its original complaint, pursuant to 35 U.S.C. § 286.

### FIFTH DEFENSE:
### LIMITATION ON COSTS

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SIXTH DEFENSE:
### FAILURE TO MARK

On information and belief, Plaintiff has failed to plead and meet the requirements of

35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages. Plaintiff's claims for damages predating the filing of this action are barred by 35 U.S.C. § 287. Upon information and belief, Acer received no constructive notice of infringement via products adequately marked under 35 U.S.C. § 287 that are or were sold by one of Plaintiff or any predecessors-in-interest to the patent-in-suit, or parties licensed to the patent-in-suit, to manufacture, sell or distribute products that practice the patent-in-suit. Neither did Acer receive actual notice of infringement prior to being served with this Complaint.

### SEVENTH DEFENSE:
### PROSECUTION HISTORY ESTOPPEL

Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the patent-in-suit covers or includes any accused Acer product or method.

### EIGHTH DEFENSE:
### DEDICATION TO THE PUBLIC

Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the patent-in-suit, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

### NINTH DEFENSE:
### USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT

To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

### TENTH DEFENSE:
### LACHES, WAIVER AND ESTOPPEL

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches,

waiver, and/or estoppel.

### ELEVENTH DEFENSE:
### UNCLEAN HANDS

On information and belief, Plaintiff has rendered the patent-in-suit unenforceable under the doctrine of unclean hands.

### TWELFTH DEFENSE:
### LICENSE AND PATENT EXHAUSTION

On information and belief, some or all of Acer' accused products are licensed under the patent-in-suit and/or subject to the doctrines of patent exhaustion and implied license.

### THIRTEENTH DEFENSE:
### PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Acer pursuant to 35 U.S.C. § 285.

### RESERVATION OF ADDITIONAL DEFENSES

Acer's investigation of their defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### ACER'S DEMAND FOR A JURY TRIAL

Acer requests a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable of right by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Acer prays for relief as follows:

  A.  That the Court enter judgment in favor of Acer, and against Plaintiff;

  B.  That the Court find the patent-in-suit not infringed by Acer;

  C.  That the Court find the patent-in-suit invalid;

  D.  That the Court find the patent-in-suit unenforceable;

  E.  That Plaintiff take nothing by its Complaint against Acer;

  F.  That the Court find this case exceptional under 35 U.S.C. § 285, and award Acer its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

  G.  That the Court grant Acer such other and further relief as it deems just and proper.


Dated: May 8, 2014        FINDLAY CRAFT P.C.

              By: */s/ Brian Craft*
                Eric Hugh Findlay
                State Bar No. 00789886
                 efindlay@findlaycraft.com
                Brian Craft
                State Bar No. 04972020
                 bcraft@findlaycraft.com
                Findlay Craft PC
                102 North College Avenue
                Suite 900
                Tyler, TX 75702
                Tel: (903) 534-1100
                Fax: (903) 534-1137

        TECHKNOWLEDGE LAW GROUP LLP
        Hsiang ("James") Lin
          jlin@techknowledgelaw.com
        David Sack
          dsack@techknowledgelaw.com
        TechKnowledge Law Group LLP
        100 Marine Parkway, Suite 200
        Redwood City, CA  94065
        Tel: (415) 816-9525

        Attorneys for Defendant
        *ACER AMERICA CORPORATION*

**CERTIFICATE OF SERVICE**

      This is to certify that on May 8, 2014, all counsel of record were served with the foregoing document *via* the Court's electronic filing system.

*/s/ Brian Craft*
Brian Craft
